UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ERIC F. YBARRA

No. 20 CR 644

Judge Matthew F. Kennelly

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1.      All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case which are marked "sensitive" (collectively, "the sensitive materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      Defendant and defendant's counsel shall not disclose the sensitive materials or their contents directly or indirectly to any person or entity other than:

        a.      Persons employed to assist in the defense;

        b.      Persons who are interviewed by defense counsel (or individual(s) employed by defense counsel) as potential witnesses;

        c.      Counsel for potential witnesses; and

d.      Other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

3.      Defendant's counsel may show copies of the sensitive materials to potential witnesses and their counsel as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

4.      Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the sensitive materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5.      Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the sensitive materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6.      Defendant and defendant's counsel are responsible for securely maintaining the sensitive materials and any copies of such materials.

7.      Before providing sensitive materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a copy of the attached "Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto" acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to

2

be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the Court upon request.

8.      Upon conclusion of all stages of this case, all of the sensitive materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such sensitive materials. In the event that the sensitive materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the sensitive materials are so maintained, and the sensitive materials may not be disseminated or used in connection with any other matter without further order of the Court.

9.      To the extent any sensitive material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the sensitive material and shall do so in writing.  Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10.     The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

11.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
MATTHEW F. KENNELLY
District Judge
United States District Court
Northern District of Illinois

Date:   12/3/2020

4

## Acknowledgment of Protective Order and
## Proper Handling of Materials Subject Thereto

I _____(name):

(a) am employed as a(n) _____ and I am assisting Richard Mottweiler in the preparation of the defense of Eric F. Ybarra;

OR

(b) am participating in an interview with Richard Mottweiler regarding the defense of Eric F. Ybarra.

In anticipation of reviewing materials produced by the government in this matter, I have reviewed the attached Order. I understand its contents. I agree that I will only access the protected materials for the purposes of preparing the defense case. I will not make any copies of any of the protected materials without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.

DATED:                                    _____

                                          [name]

5